United States District Court
Southern District of Texas
FILED

JUL 2 9 2014

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | Criminal No. **M-14-1122** |
| ERICK AGUSTIN SILVA | § | |

## SEALED INDICTMENT

THE GRAND JURY CHARGES THAT:

### Count One

Between on or about June 1, 2007 and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**ERICK AGUSTIN SILVA**

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to-wit:

    a)    to transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds involving the proceeds of specified unlawful activity, to wit: bank fraud and offenses against a foreign nation involving bribery of a public official and misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, to a place in the United States from or through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, to wit: bank fraud and offenses against a foreign nation involving bribery of a public official and misappropriation, theft,

funds by or for the benefit of a public official, to a place in the United States from or through a place outside the United States, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i),

and

  b)  to conduct and attempt to conduct financial transactions which in fact involve the proceeds of specified unlawful activity, to wit: bank fraud and offenses against a foreign nation involving bribery of a public official and misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, knowing that the property involved in the transactions represents the proceeds of some form of activity, to wit: bank fraud and offenses against a foreign nation involving bribery of a public official and misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, to a place in the United States from or through a place outside the United States, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i), 1956(a)(1)(B)(i) and (h).

## Count Two

Between on or about August 26, 2010, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**ERICK AGUSTIN SILVA**

knowingly and willingly, each aiding, abetting, and assisting one another, executed and attempted to execute a scheme and artifice to defraud Texas National Bank, a financial institution insured by the Federal Deposit Insurance Corporation (F.D.I.C.) and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Texas National Bank, by means of materially false and fraudulent pretenses, representations, and promises.  It was part of the scheme and artifice that defendant, ERICK AGUSTIN SILVA, materially misrepresented the source of income regarding the movement of moneys from the United Mexican States to the United States in furtherance of the funding of a certificate of deposit.

In violation of Title 18, United States Code, Sections 1344 and 2.

## Count Three

Between on or about December 5, 2007, to the date of the indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**ERICK AGUSTIN SILVA**

did knowingly and intentionally devise a scheme or artifice to defraud and to obtain money and property, to wit:  ERICK AGUSTIN SILVA materially misrepresented his source of income in relation to the movement of moneys from the United Mexican States to the United States in furtherance of the funding of multiple offshore annuities, by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme or artifice to defraud, did knowingly cause to be delivered by the United States Postal Service and by a private and commercial interstate carrier documents relating to the funding of the multiple offshore annuities to or from J.P. Morgan Chase Bank and its affiliate Chase Investment Services Corporation in Brownsville, Texas and to or from ERICK AGUSTIN SILVA in Mexico.

In violation of Title 18, United States Code, Sections 1341 and 2.

## Count Four

Between on or about August 26, 2010, to May 24, 2011, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**ERICK AGUSTIN SILVA**

did knowingly and intentionally devise a scheme or artifice to Texas National Bank and for obtaining money or property by means of false or fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud transmitted and caused to be transmitted by means of wire communication in interstate commerce any signal, to wit: ERICK AGUSTIN SILVA materially misrepresented his source of income in relation to the movement of moneys from the United Mexican States to the United States in furtherance of the funding of a certificate of deposit and in furtherance of the scheme, ERICK AGUSTIN SILVA caused a series of two wires totaling approximately $573,432.00 U.S. Dollars to be deposited into ERICK AGUSTIN SILVA'S Texas National Bank account xxxx3697.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE

### I.

Pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(2), the United States of America gives notice to the defendant,

**ERICK AGUSTIN SILVA**

that, upon conviction of an offense in violation of Title 18, United States Code, Section 1956 as charged in Count One of the Indictment or an offense in violation of Title 18, United States Code,

Sections 1341, 1343, and 1344 as charged in Counts Two, Three and Four of the Indictment, the United States of America shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

a. All funds on deposit at Sun Secured Advantage Account Number 26-2673-033748, held at The Bank of N.T. Butterfield and Son Limited in Bermuda;

b. A residence with all the appurtenances, improvements, and attachments thereon, located at 57 Creekbend Drive, Brownsville, Texas, and legally described as:
Lot twelve (12), Block Three (3), Land-O-Lakes Subdivision, in the City of Brownsville, Cameron County, Texas, according to the map or plat thereof recorded in Volume 28, Page 23, Map of Records of Cameron County, Texas; and

c. a personal money judgment in the amount of approximately five million dollars ($5,000,000.00) in United States currency.

## II.

## SUBSTITUTE ASSETS

In the event the property that is subject to forfeiture, as a result of any act of omission of the defendant:

(1) cannot be located upon exercise of due diligence;

(2) has been placed beyond the jurisdiction of the Court;

(3) has been transferred or sold to, or deposited with a third part;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty.

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 18, United States Code, Section 982(b)(1) incorporating

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 18, United States Code, Section 982(b)(1) incorporating Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
JESSE SALAZAR
Assistant United States Attorney